JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-00898 MMM (JCx) | Date | February 22, 2012 |
|---|---|---|---|

| Title | *Arden Management, LLC v. Abdur-Raman* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     Order Remanding Action for Lack of Federal Question Jurisdiction

### I. BACKGROUND

On December 13, 2011, plaintiff Arden Management, LLC ("Arden") filed this action against defendant Kalima Abdur-Raman and Does 1-10 inclusive in the Superior Court of California, County of Los Angeles.[1] Abdur-Raman untimely removed this action to federal court, claiming that the court has federal question jurisdiction.[2]

On December 8, 2011, Abdur-Raman was served with written notice demanding the surrender of real property located at 5644 Etiwanda Ave., Unit 3, Los Angeles, California 91356, to Arden within three days following service of the written notice.[3] Abdur-Raman never surrendered possession.[4] Arden claims it is the true owner of the residence following a non-judicial foreclosure

---

[1] Notice of Removal, Ex. A ("Complaint"), Docket No. 3 (February 3, 2012).

[2] Notice of Removal, Docket No. 3 (February 3, 2012).

[3] Complaint, ¶ 6.

[4] *Id.*, ¶ 7.

sale held in accordance with California Civil Code § 2924.[5] Its title was perfected by a recorded Trustee's Deed Upon Sale.[6]

Abdur-Raman removed this action to federal court, claiming that Arden violated the federal Protecting Tenants at Foreclosure Act and invoking the court's federal question jurisdiction.[7]

On February 15, 2012, plaintiff filed a motion to remand the case to Los Angeles Superior Court,[8] along with an *ex parte* application to shorten time for hearing.[9] In its motion and application, defendant avers that the state court action was scheduled for trial on February 3, 2012, but defendant's removal forced a continuance of that date until February 23, 2012.[10] Based on plaintiff's motion, the court directed defendant to respond to plaintiff's motion on or before February 21, 2012;[11] plaintiff has failed to file an opposition.

## II. DISCUSSION

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke this court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction*

---

[5]*Id.*, ¶ 5.

[6]*Id.*

[7]Notice of Removal, ¶ 6.

[8]Motion to Remand Unlawful Detainer Action and for Award of Attorney's Fees and Costs Incurred Herein ("Motion"), Docket No. 6 (Feb. 15, 2012).

[9]*Ex Parte* Application to Shorten Time for Hearing on Motion to Remand, Docket No. 7 (Feb. 15, 2012).

[10]*Id.* at 2.

[11]Order Setting Briefing Schedule on Plaintiff's Motion to Remand, Docket No. 8 (Feb. 15, 2012).

*Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, *supra*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd., supra,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow, supra*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, supra*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor, supra*, 481 U.S. at 63; *Gully, supra*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd., supra*, 463 U.S. at 14.

Here, the complaint pleads only one cause of action under the California Code of Civil

Procedure, which is a claim arising under state law. The complaint pleads no federal question on its face. While defendant contends that a federal violation applies in this case, this violation is not alleged in plaintiff's complaint, and it is not clear from either the complaint or the notice of removal how plaintiff's alleged violation of federal law constitutes an essential element of its claim. Insofar as defendant asserts a violation of a federal law as an affirmative defense, as noted above, a federal defense to a state law cause of action does not provide sufficient basis for federal question jurisdiction. Consequently, defendant has failed to meet his burden of demonstrating that federal question jurisdiction exists in this case.

### B.     Procedural Defects in Removal

#### 1.     Legal Standard For Removal and Timeliness of Removal

Pursuant to 28 U.S.C. § 1446, a defendant must remove an action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). See also *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). See also *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("A notice of removal must be filed within thirty days of service of the plaintiff's complaint").

#### 2.     Whether Defendant's Removal is Timely

The original complaint in this action was filed in Los Angeles Superior Court on December 13, 2011.[12] Defendant's notice of removal was filed on February 3, 2012, 52 days later.[13] However, because the notice of removal does not state *when* defendant was served with summons and complaint, the court is unable to determine whether the removal is timely under § 1446(b). Based solely on the fact that the complaint was filed nearly two months before the notice of removal, it appears that defendant may not have filed defendant's notice of removal within the thirty day period established by § 1446(b).

The court cannot *sua sponte* remand a case for a procedural defect in removal. See *Kelton Arms Condominium Owners Association, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Because procedural defects in removal are not jurisdictional, they may be waived. *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994). Plaintiff, however, has

---

[12]Complaint at 1.

[13]Notice of Removal at 1.

raised this argument in its motion to remand, asserting that defendant filed the notice of removal "well after" the thirty day deadline.[14]  As noted, defendant has not filed an opposition to plaintiff's motion, and has not responded to this assertion in any way.  Consequently, remand is warranted based on a procedural defect in the removal.

### C. Plaintiff's Request for Attorneys' Fees

Plaintiff seeks attorneys' fees under 28 U.S.C. § 1447(c).  Section 1447(c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Attorneys' fees may be awarded under § 1447(c) even absent a finding that the removal was frivolous, vexatious, or in bad faith.  See *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446-48 (9th Cir. 1992).  In fact, the Ninth Circuit has made clear that an award of attorneys' fees is permissible even if defendant's removal was "fairly supportable," but wrong as a matter of law.  See *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000).  The decision to grant fees under § 1447(c) therefore rests in the sound discretion of the trial court.  See *Toumajian v. Frailey*, 135 F.3d 648, 657 (9th Cir. 1998) ("[U]pon remand for lack of subject matter jurisdiction court may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal").

Here, the court has found that defendant's assertion of federal question jurisdiction was wrong as matter of law.  The court notes, however, that plaintiff is proceeding *pro se*, and therefore declines to award plaintiff attorneys' fees.  See, e.g., *Consumer Solutions Reo, LLC v. White*, No. C 08-02308 SI, 2008 WL 5233101, *1 (N.D. Cal. Dec. 12, 2008) (declining to award fees in remanding an unlawful detainer case because the motion to remand "did not raise complex issues and the defendant [was] *pro se*"); *Citibank N.A. v. Ortiz*, No. 08cv1301-LAB (RBB), 2008 WL 4771932, *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees when remanding an unlawful detainer case removed by a *pro se* defendant, despite plaintiff's argument that the court should "construe the attempted removal as a tactic to delay and otherwise impede its right to recover possession of its real property").

### III. CONCLUSION

For the reasons stated, the court directs the clerk to remand this action to Los Angeles Superior Court forthwith.  The court denies plaintiff's request for fees and costs.

---

[14]Motion at 4-5.